UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TEEJAY JOHNSON, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:12-cv-01223 (JAM) |
| : | |
| STEVEN TEAGUE and : | |
| EDWARD REYNOLDS, : | |
|     Defendants. : | |

### RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. #34]

Plaintiff Teejay Johnson has filed a *pro se* complaint under 42 U.S.C. § 1983 against two New Haven police detectives—Steven Teague and Edward Reynolds—arising principally from his arrest and eventual acquittal for the murder of Dewayne Redd. Defendants move to dismiss the complaint on the ground that the claim is time-barred. For the reasons that follow, the motion to dismiss is granted in part and denied in part.

### Background

The complaint alleges the following facts.[1] Defendants secured an arrest warrant on March 5, 2009, and arrested plaintiff on March 10, 2009, despite allegedly having no information implicating plaintiff. *See* Doc. #1 at 10, 14–15. Defendants falsely claimed that they had received information from witnesses that the shooter of Dewayne Redd was known by plaintiff's nickname. *Id.* at 15–16. Defendants omitted from the arrest warrant affidavit that plaintiff's fingerprints were not found on the car in which Dewayne Redd was shot and killed and on which

---

[1] The Court (*Robert N. Chatigny, J.*) has previously issued an initial review order that described plaintiff's claims and dismissed the mayor and former police chief of New Haven as defendants. *See* Doc. #7.

the police believed the killer's fingerprints would be found. *Id.* at 16–17. Defendants allegedly accepted information from several witnesses who contradicted themselves and who defendants should have known were perjuring themselves to the extent that they implicated plaintiff. *Id.* at 19–20. Defendants had previously accused plaintiff of violent crimes and narcotics dealing and had warned him that they would get him off the streets of New Haven even if they had to "set up" plaintiff for a crime that he had not done. *Id.* at 18.

The complaint further alleges that "[a]fter a jury trial . . . the plaintiff was acquitted of the murder charge and other related offenses." *Id.* at 22.[2] The complaint does not allege the date on which plaintiff was acquitted but states that that he "was incarcerated for more than one (1) year on charges for which there was no probable cause." *Id.* at 23. Plaintiff filed the instant § 1983 complaint in federal court on August 21, 2012. *See generally id.*

## Discussion

Both defendants initially sought dismissal for failure of valid service of process. *See* Doc. #34-1 at 4–6. Defendant Reynolds, however, has withdrawn his initial objection to service of process. *See* Doc. #43 at 2. Defendant Teague complains that he was served outside the 120-day limit set forth under Rule 4(m) of the Federal Rules of Civil Procedure. *See* Doc. #34-1 at 5–6. Plaintiff responds that, because of his imprisonment and reliance on the Court to effectuate timely service, there is good cause to excuse his non-compliance with the 120-day limitation. *See* Doc. #41 at 5; *see also* Fed. R. Civ. P. 4(m) (allowing extension of time for service "if the plaintiff shows good cause for the failure"). Because defendant Teague's reply brief (Doc. #43)

---

[2] Notwithstanding this allegation, an official state appellate court ruling reflects that plaintiff was in fact validly convicted by the trial judge for one of the related charges for which he was tried. *See State v. Johnson*, 143 Conn. App. 617, 622–23, 628, 70 A.3d 168, *cert denied*, 310 Conn. 950 (2013).

does not address plaintiff's argument that good cause exists for an extension, the Court concludes that defendant Teague's objection has been abandoned and that good cause otherwise exists to extend the time limit for service under Rule 4(m).

As for defendants' claim that this action is time-barred, the background rules for this Court's consideration of a Rule 12(b)(6) motion are well established. First, the Court must accept as true all factual matter alleged in a complaint, although a complaint may not survive a Rule 12(b)(6) motion to dismiss unless its factual recitations state at least a plausible claim for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Rinehart v. Akers*, 722 F.3d 137, 144 (2d Cir. 2013). A Rule 12(b)(6) motion may seek dismissal on statute-of-limitations grounds if the limitations defense is apparent from the allegations of the complaint or other materials properly considered. *See, e.g.*, *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425–26 (2d Cir. 2008). In addition, a *pro se* plaintiff's complaint should be construed liberally and interpreted to raise the strongest arguments that its wording suggests. *See, e.g.*, *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

It is well established that § 1983 claims in Connecticut are subject to a three-year statute of limitations. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (applying the time limitations in Conn. Gen. Stat. § 52-577, Connecticut's general torts statute, to actions under 42 U.S.C. § 1983). In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court clarified when the statute of limitations begins to run for a claim under § 1983 for false arrest or false imprisonment. As the Court noted, "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*." *Id.* at 389 (emphasis in original). The Court explained that the statute of limitations begins to run "when the alleged false imprisonment

ends," and false imprisonment ends when "the victim becomes held *pursuant to such [legal] process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Ibid* (quoting 2 H. Wood, *Limitation of Actions* § 187d(4), at 878 (rev. 4th ed. 1916)). The Court further noted that "[t]hereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Id.* at 390 (citation omitted) (emphasis in original).

Here, plaintiff alleges that he was falsely arrested on March 10, 2009, pursuant to an arrest warrant that was secured from a state court judge on March 5, 2009. Because "the issuance of an arrest warrant represents a classic example of the institution of legal process," *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008), the statute of limitations for any false arrest claim began to run—at the latest—upon his arrest on March 10, 2009.[3] The complaint in this case was filed on August 21, 2012, several months beyond the three-year statute of limitations.

Plaintiff contends that the limitations period for his false arrest claim should "relate back" or otherwise be tolled on account of his having previously filed a state court complaint in

---

[3] I need not decide if plaintiff's false arrest claim is foreclosed ab initio by the fact that the police had already instituted legal process at the time that they later arrested him. The facts of *Wallace* involved a warrantless arrest (in contrast to the facts of this case that involve an arrest based on a court-authorized arrest warrant), and *Wallace* implies that an arrest based on a court-authorized arrest warrant would not be grounds for a false arrest or false imprisonment claim (as distinct from a malicious prosecution claim). *See Wallace*, 549 U.S. at 389 ("The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*, and the allegations before us arise from respondents' detention of petitioner *without legal process* in January 1994. They did not have a warrant for his arrest.") (internal citations omitted); *see also Wilkins*, 528 F.3d at 799 (noting that "[a]t common law, the issuance of an arrest warrant represents a classic example of the institution of legal process," and that "'[t]he Supreme Court's analysis in *Wallace* . . . indicates that such claims [based upon arrest warrants] should not be characterized as false arrest or false imprisonment, because detention of the subject is pursuant to legal process'") (quoting Michael Avery et al., *Police Misconduct: Law and Litigation* § 2:10 (2007 Westlaw; POLICEMISC database)); *Lopez v. Prince*, No. 11–cv–02352–CMA–BNB, 2012 WL 3277178 at *4–*5 (D. Colo. Aug. 9, 2012) (unreported). Because defendants do not claim that plaintiff has failed to plead a valid claim for false arrest or false imprisonment (for lack of any arrest or detention that was not pursuant to legal process), the Court need not and does not decide this issue.

January 2012 raising the same claims against defendants. The "relation back" rules under the Federal Rules of Civil Procedure involve claims that originated in federal court or that were removed to federal court from a state court. *See, e.g.*, Fed. R. Civ. P. 15(c). Here, however, plaintiff's state court action was not removed or transferred to federal court; instead, it was withdrawn. *See* Doc. #1 at 4. Accordingly, no basis exists to apply a relation-back or similar rule. *See Forras v. Rauf*, CV 12-00282 (BJR), 2014 WL 1512814 (D.D.C. Apr. 18, 2014) (declining to apply "relation back" doctrine and finding a claim time-barred where plaintiffs previously filed similar lawsuit in D.C. Superior Court which was not transferred to federal court but that would have been timely had it been filed in first instance in federal court).

Plaintiff has not otherwise shown extraordinary circumstances to warrant equitable tolling of the limitations period for his false arrest claim. *See, e.g.*, *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) ("We have applied equitable tolling only in 'rare and exceptional circumstances,' where we found that 'extraordinary circumstances' prevented a party from timely performing a required act, and that the party 'acted with reasonable diligence throughout the period he [sought] to toll.'") (internal citation omitted); *see also Gerena v. Korb*, 617 F.3d 197, 206 (2d Cir. 2010) (stating in dicta that time limit in Connecticut's general torts statute, Conn. Gen. Stat. § 52-277, functions "as a statute of repose not susceptible to equitable tolling") (citation omitted).

Despite my conclusion that plaintiff's false arrest claim is time-barred, I decline to grant defendants' motion to dismiss the entire complaint, because a fair reading of the complaint reveals that it also alleges a claim for malicious prosecution that does not appear to be time-barred. Paragraph 53 of the complaint alleges that "[d]espite the lack of probable cause to arrest

5

the plaintiff for murder and related charges[,] defendants Detective Edward Reynolds and Steven Teague initiated criminal proceedings against the plaintiff with malice." Doc. #1 at 21–22. Although paragraph 53 is located within the body of the complaint rather than at the end of the complaint in the section where plaintiff explicitly labels his "Claims of Relief," this locational discrepancy does not defeat plaintiff's malicious prosecution claim. Indeed, the Supreme Court has instructed that "[a] document filed *pro se* is 'to be liberally construed,' and 'a p*ro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This is a textbook case for application of the liberal construction rules for *pro se* pleadings.

In contrast to a false arrest claim, the statute of limitations for a malicious prosecution claim under § 1983 does not begin to run until the termination of criminal proceedings in a plaintiff's favor. *See, e.g.*, *Murphy v. Lynn*, 53 F.3d 547, 548 & n.1 (2d Cir. 1995). That is because "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Although the complaint does not allege a date when the jury acquitted plaintiff, defendants do not contend that a malicious prosecution claim would be time-barred by the statute of limitations.[4] The Court of course expresses no opinion on the merits of plaintiff's malicious prosecution claim.

## Conclusion

---

[4] A news article indicates that plaintiff was acquitted by the jury in March 2010, well within three years of plaintiff's filing of the complaint in August 2012. *See* Randall Beach, *Jury finds man not guilty in New Haven slaying*, New Haven Register (Mar. 19, 2010), http://www.nhregister.com/general-news/20100319 /jury-finds-man-not-guilty-in-new-haven-slaying

Defendants' motion to dismiss [**Doc. #34**] is **GRANTED** in part as to plaintiff's claim for false arrest or false imprisonment and is **DENIED** as to plaintiff's claim for malicious prosecution**.**

**SO ORDERED** at Bridgeport, Connecticut this 4th day of June 2014.

/s/      Jeffrey Alker Meyer
Jeffrey Alker Meyer
United States District Judge